UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-00050-H

HILDA L. SOLIS,                              )
Secretary of Labor,                          )
United States Department of Labor,           )
                                             )
                    Plaintiff,               )
                                             )
            v.                               )
                                             )
BRIAN BALBIRNIE, MICHAEL HEWITT,             )
MOBILE REACH INTERNATIONAL, INC.,            )
MOBILE REACH INTERNATIONAL, INC.             )
401(K) PLAN,                                 )
                                             )
                    Defendants.              )

## JUDGMENT

This action was brought by Plaintiff, Secretary of Labor, United States Department of

Labor (the "Secretary"), against Defendants pursuant to Sections 502(a)(2) and 502(a)(5), 29

U.S.C. §§ 1132(a)(2) and 1132 (a)(5), of the Employee Retirement Income Security Act of 1974,

as amended, 29 U.S.C. § 1001 *et seq.* (hereinafter referred to as "ERISA"). The Secretary sent a

Waiver of the Service of Summons to Defendant Brian Balbirnie on April 20, 2010. Defendant

Brian Balbirnie waived service of the summons in this matter on May 7, 2010.

Defendant Brian Balbirnie has failed to plead or otherwise defend in this matter. The

Clerk of Court, pursuant to Fed.R.Civ.P. 55(a), entered default as to Defendants on July 6, 2010.

The Secretary has now moved for default judgment.

WHEREFORE, it is hereby ordered, adjudged, and decreed that,

A.    The Secretary's motion for default judgment is GRANTED;

B.    Defendant Brian Balbirnie may continue to act as a fiduciary and trustee only to the Plan and only until the Plan assets are distributed or a successor fiduciary is appointed as described herein. The Plan shall be terminated and its assets distributed as follows and in accordance with Plan provisions:

a.    The Plan's cash assets shall be distributed to the Plan's participants and beneficiaries, excluding Defendant, as soon as possible, but in no event later than August 1, 2010;

b.    Upon termination of the Plan, Defendant Brian Balbirnie shall give Plaintiff, through her undersigned legal representatives, written confirmation of such within five (5) business days;

c.    Defendant Brian Balbirnie shall provide Plaintiff, through her undersigned legal representatives, an accounting of the asset distributions to the Plan participants and beneficiaries before the Plan assets are, in fact, distributed. The accounting shall include the participants and beneficiaries' names, addresses, social security numbers, dates of employment, and the allocation amounts;

d.    In the event that Defendant Brian Balbirnie fails to distribute all of the Plan's cash assets to the participants and beneficiaries, on or before August 1, 2010, Defendant, at the discretion of Plaintiff, may be removed as trustee and fiduciary. Should Plaintiff determine that it is necessary to remove Defendant, Plaintiff shall recommend a successor fiduciary who shall be appointed by the Court upon Plaintiff's motion.

2

e.      In the event a successor trustee is appointed, Defendant Brian Balbirnie shall pay any and all reasonable costs and fees associated with the appointment and services provided by the successor trustee.

C.      Defendant Brian Balbirnie is hereby enjoined from engaging in any further action in violation of Title I of ERISA;

D.      Defendant Brian Balbirnie is hereby enjoined from acting in a fiduciary capacity to ERISA-covered plans for a period of ten (10) years.

The Court, finding that there is no just reason to delay the entry of this Judgment, expressly directs the entry thereof as a final order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this 30th day of November, 2010.

JUDGE MALCOLM HOWARD
UNITED STATES DISTRICT JUDGE

3